David J. Gilmartin, Esq. County Attorney, Suffolk County
Your Assistant County Attorney, Allen M. Smith, has asked whether section6-n of the General Municipal Law applies to Workers' Compensation claims. In particular, he has asked whether Suffolk County must obtain court approval of a lump sum settlement of a Workers' Compensation claim in excess of $5,000 as provided for in section 6-n (11).
Section 6-n of the General Municipal Law authorizes municipal corporations to establish a liability and casualty reserve fund (§ 6-n [2]) to pay the costs of judgments (§ 6-n [9] [a]) and actions and claims that have been compromised or settled and that have been approved by the court in which the action is pending or by a justice located in the judicial district in which the municipal corporation is located (§ 6-n [9] [b] [c]). Section 6-n was enacted to help municipal corporations combat the sharp rise in the cost of liability insurance (Memorandum in Support of Bill, L 1979, ch 684).
 "Judgments", "actions" and "claims" are defined in the statute as:
 "* * * those judgments, actions and claims against the municipal corporation that are founded upon tort or that arise out of any acts or omissions of officers or employees of the municipal corporation that result in personal injuries or property damage if such officers and employees, at the time the damages were sustained, were executing or performing, or in good faith purporting to exercise or perform, their powers and duties."
We are of the opinion that a Workers' Compensation claim brought by an employee against a municipal corporation is not a "claim" within the definition of section 6-n. Although the definition of a claim is broad enough to encompass Workers' Compensation claims*, there is a separate statute which authorizes the creation of a reserve fund for Workers' Compensation claims (General Municipal Law, § 6-j). The existence of a separate statute for Workers' Compensation claims substantiates our conclusion that the Legislature did not intend section 6-n to cover Workers' Compensation claims (see, Memorandum in Support of Bill, L 1979, ch 684, supra).
Section 6-j, which authorizes the creation of a reserve fund for Workers' Compensation claims, does not require a municipality to obtain court approval of lump sum settlements of Workers' Compensation claims. We, therefore, conclude that Suffolk County is not required to obtain court approval of a lump sum settlement of a Workers' Compensation claim.**
* A Workers' Compensation claim is not founded "upon tort", which is essentially a fault-based system (NY Const, Art I, § 18; Workers' Compensation Law, § 10; Wolfe v Sibley Lindsay, 36 N.Y.2d 505
[1975]). Rather, Workers' Compensation is a statutory scheme which replaces the tort cause of action and is "designed to shift the risk of loss of earning capacity caused by industrial accidents from the worker to industry and ultimately the consumer" (36 N.Y.2d at 508). However, the language "claims * * * that arise out of any acts or omissions of * * * employees" is broad enough to include Workers' Compensation claims.
** We do not address the issue of whether General Municipal Law, § 6-n applies to judgments, actions or claims in which a defendant, who has been sued by a municipal employee, impleads the municipality for contribution. (See, General Obligations Law, § 15-108; Dole v Dow,30 N.Y.2d 143 [1972].)